UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RENEE LEWIS, | ) | CASE NO. 1:15-cv-485 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| CAROLYN W. COLVIN, | ) | |
| COMMISSIONER OF THE SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the objections of plaintiff Renee Lewis ("plaintiff" or "Lewis") to the Report and Recommendation of Magistrate Judge Nancy Vecchiarelli regarding plaintiff's request for judicial review of defendant Commissioner of the Social Security Administration's ("defendant" or "Commissioner") denial of her applications for Period of Disability ("POD"), Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title II and Title XVI of the Social Security Act.  (Doc. No. 19 ["R&R"].) For the reasons that follow, plaintiff's objections are overruled, the R&R is accepted, and the Commissioner's decision is affirmed.

### I. BACKGROUND

On November 22, 2011, plaintiff filed her applications for POD, DIB, and SSI, alleging a disability onset date of July 27, 2008. (Doc. No. 10 (Transcript ["Tr."]) at 69.[1]) The application was denied initially and upon reconsideration, and plaintiff requested a hearing before an

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system.

administrative law judge ("ALJ"). (*Id.*) On August 6, 2013, the ALJ conducted a hearing at which plaintiff was represented by counsel and testified. (*Id.*) A vocational expert ("VE") also testified. (*Id.*) On August 27, 2013, the ALJ found plaintiff was not disabled. (*Id*. at 78.) The Appeals Council declined to review the ALJ's decision, and the ALJ's decision became the Commissioner's final decision. Plaintiff seeks judicial review pursuant to 42 U.S.C. §§ 405(g) and 1383(c). (Doc. No. 1.)

The case was referred to the magistrate judge pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(1) for a report and recommendation. The R&R concludes that there was substantial evidence supporting the Commissioner's finding, and recommends that the decision be affirmed. Plaintiff filed objections to the R&R (Doc. No. 22 ["Obj."]), to which defendant responded.[2] (Doc. No. 25 ["Resp."].)

Plaintiff raises three objections to the R&R: (1) the magistrate judge incorrectly determined that the ALJ complied with the legal requirements of the treating physician rule; (2) the magistrate judge improperly concluded that the ALJ followed the law in evaluating plaintiff's symptoms and credibility in accordance with SSR 96-7p; and (3) the magistrate judge incorrectly found that the residual functional capacity ("RFC") established by the ALJ was supported by substantial evidence. The Court has conducted a de novo review of the issues raised in plaintiff's objections.

---

[2] The Commissioner's response incorporates the agency's original brief, and also contends that plaintiff waived some arguments contained in her objection because those arguments were not addressed in her opening brief. However, having concluded that the Commissioner's decision should be affirmed because it is supported by substantial evidence in the record, the Court will not address the defendant's waiver arguments.

## II. DISCUSSION

**A. Standard of Review**

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party.") (citations omitted); *Orr v. Kelly*, No. 1:14-cv-2302, 2015 WL 5316216, at *2 (N.D. Ohio Sept. 11, 2015) (citing *Powell*, 1994 WL 532926, at *1); Fed. R. Civ. P. 72(b)(3).

Under the Social Security Act, a disability renders the claimant unable to engage in substantial gainful activity because of a medically determinable physical or mental impairment that can result in death or that can last at least twelve months. 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The impairment must prevent the claimant from doing the claimant's previous work, as well as any other work which exists in significant numbers in the region where the individual lives or in several regions of the country. 42 U.S.C. § 423(d)(2)(A). Consideration of disability claims follows a five-step review process. 20 C.F.R. § 404.1520.

The Court's review of the Commissioner's decision to deny benefits is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *McGlothin v. Comm'r of Soc. Sec.*, 299

3

F. App'x 516, 521 (6th Cir. 2008) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citation omitted)).

If substantial evidence supports the Commissioner's finding that the claimant is not disabled, that finding must be affirmed even if the reviewing court would decide the matter differently. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citation omitted). A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Moreover, the Commissioner's decision must be affirmed even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)).

**B. Plaintiff's Objections to the R&R**

Plaintiff makes no specific objection to the sections I through IV of the R&R. Therefore, the Court accepts the R&R in that regard.

**1. The ALJ complied with the treating physician rule**

Plaintiff's first objection is that the magistrate judge incorrectly determined that the ALJ complied with the legal requirements of the treating physician rule, SSR 96-2p. A treating physician's medical opinion is entitled to "controlling weight" if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If the Commissioner does not give a treating source controlling weight, the Commissioner must provide "good reasons" for doing so, and the weight assigned to the treating source opinion must be based on consideration of a

4

number of factors, including the length, frequency, nature, extent of the treatment relationship, the treating source's area of specialty, and the degree to which the opinion is consistent with the record as a whole and is supported by relevant evidence. *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 376 (6th Cir. 2013) (citations omitted); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (citing *Wilson*, 378 F.3d at 544); 20 C.F.R. § 404.1527(d)(2); SSR 96-2p, 1996 WL 374188, at *5.

"Good reasons" are reasons that are "'supported by the evidence in the case record, and . . . [are] sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010) (quoting SSR 96–2p, 1996 WL 374188, at *5). The "good reason" rule is a procedural rule that ensures the adequacy of the review and permits the claimant to understand the disposition of her case and why the opinion of the treating physician was discounted. *Id*. (citing *Rogers*, 486 F.3d at 242.) The reasons given by the ALJ for discounting a treating physician's opinion must be sufficiently specific to meet the goals of the "good reason" rule. *Id.* Plaintiff's treating neurologist is Dr. Timothy Carrabine.[3] In July 2011 and April 2013, Dr. Carrabine completed medical source statements in which he assessed plaintiff's physical limitations. (Tr. at 384-88, 493-98.) The ALJ assigned Dr. Carrabine's opinions no weight because those opinions were inconsistent with each other and not supported by his own treatment notes and findings. (*Id*. at 76.) Plaintiff argues that the ALJ's assessment of Dr. Carrabine's opinions was deficient because the ALJ did not "explicitly consider" all six

---

[3] The plaintiff does not contend that the ALJ erred in evaluating any medical source opinion other than Dr. Carrabine's opinions. (R&R at 594 n.1.)

5

factors[4] set out in the relevant regulations, and the reasons given by the ALJ for not giving Dr. Carrabine's opinions controlling weight cannot be "good reasons" because the ALJ failed to evaluate his opinions in the context of the record as a whole. (Obj. at 608-10.)

While the ALJ must give good reasons for the weight given a treating physician's opinion and must consider the factors set out in the regulations, the ALJ is not required to perform a factor-by-factor analysis. *Nichols v. Colvin*, No. 1:13CV2830, 2014 WL 7410024, at *12 (N.D. Ohio Dec. 31, 2014) (citing *Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011)). That said, the reasons provided must be supported by the evidence in the record and sufficiently specific to make clear the weight given to the opinion and the reasons for that weight. *Id*. (citing *Brasseur v. Comm'r of Soc. Sec.,* 525 F. App'x 349, 351 (6th Cir. 2013)) (further citation omitted).

In this case, the ALJ extensively considered the medical evidence in the record. (Tr. at 74-76.) Briefly, physical examinations of plaintiff conducted by Dr. Carrabine and other physicians revealed that she was neurologically intact and stable, had largely normal strength, muscle tone, neurological, and motor functioning, and could ambulate without an assistive device. The evidence considered also included the variable side effects of her medications, and MRI results, as well as evidence of plaintiff's obesity, sleep apnea, and depressive disorder. The ALJ also specifically noted that plaintiff experienced a brief exacerbation of multiple sclerosis symptoms but had not actually relapsed since 2008, and that plaintiff's difficulties with her fine motor skills "tend to wax and wane." (*Id*. at 74-75.)

---

[4] These factors include "the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole and specialization of the treating source." *Wilson*, 378 F.3d at 544 (citing 20 C.F.R. § 404.1527(d)(2)).

The ALJ decided to give no weight to Dr. Carrabine's opinions because Dr. Carrabine's opinions were inconsistent with each other and the limitations he described in his opinions were not supported by his examination findings. The ALJ provided specific examples of the inconsistencies and unsupported limitations. (*Id* at 76.) Plaintiff does not dispute these inconsistencies or claim that she does not understand the ALJ's reasons for disregarding the Dr. Carrabine's opinions, but argues that the inconsistencies are "minor" and "reasonable" because multiple sclerosis is not a static disease.

In this case, the inconsistency of Dr. Carrabine's opinions, lack of support for those opinions based on his own examination findings, and the record taken as a whole, provide substantial support for the ALJ's decision not to afford those opinions controlling weight. *See Carl v. Comm'r of Soc. Sec.*, No. 13-10747, 2014 WL 4322019, at *4 (E.D. Mich. Sept. 2, 2014); *cf. White v. Comm'r of Soc. Sec.*, 312 F. App'x 779, 787 (6th Cir. 2009) (opinion that pain would prevent claimant from holding a job is not inconsistent with office notes that nerve blocks provided only temporary pain relief). Thus, the Court concludes that the ALJ has satisfied the goals of the "good reason" rule, and plaintiff's first objection is overruled.

**2. The ALJ complied with the law in evaluating plaintiff's symptoms and credibility**

Plaintiff's second objection is that the magistrate judge improperly concluded that the ALJ followed the law in evaluating plaintiff's symptoms and credibility in accordance with SSR 96-7p. Credibility determinations by the ALJ regarding a claimant's subjective complaints are entitled to considerable deference, and should not be discarded lightly. *See Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987). An ALJ's credibility determinations must be

reasonable, contain specific reasons for the finding on credibility, be supported by evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reason for that weight. *See Rogers,* 486 F.3d at 249; SSR 96-7p, 1996 WL 374186 at *4. However, there is no requirement that the ALJ discuss every piece of evidence in the administrative record, and this Court does not re-try the case de novo, resolve conflicts in evidence, or decide questions of credibility. *See Bass,* 499 F.3d at 509; *Rogers,* 486 F.3d at 247.

When the cause of the alleged disability is not the underlying condition but the symptoms associated with the condition, the ALJ must first determine whether the underlying medical condition could reasonably be expected to produce the claimant's symptoms. If the ALJ concludes in the affirmative, as he did in this case, the second step is to evaluate the intensity, persistence, and limiting effects of those symptoms on the individual's ability to perform basic work activities. *Rogers*, 486 F.3d at 247 (citing 20 CFR § 416.929(a)). Relevant factors for the ALJ to consider in evaluating the claimant's symptoms include:

> the claimant's daily activities; the location, duration, frequency, and intensity of symptoms; factors that precipitate and aggravate symptoms; the type, dosage, effectiveness, and side effects of any medication taken to alleviate the symptoms; other treatment undertaken to relieve symptoms; other measures taken to relieve symptoms, such as lying on one's back; and any other factors bearing on the limitations of the claimant to perform basic functions. [20 CFR § 416.929(a)]; *see also* [SSR] 96–7p, 1996 WL 374186, at *2–3 (July 2, 1996) (Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements).

*Id*.

Plaintiff contends that the ALJ identified the six factors to consider, but did not specifically consider all six factors. (Obj. at 612.) But the ALJ is not required to specifically

8

consider each factor, and in any event, the ALJ in this case considered most, if not all, of the factors. *See, e.g., Bowman v. Chater*, 132 F.3d 32 (Table), 1997 WL 764419, at *4 (6th Cir. Nov. 26, 1997) (per curiam) (ALJ met the requirement for evaluating the claimant's symptoms by considering most, if not all, of the factors.) During the hearing, the ALJ specifically questioned plaintiff regarding her daily activities, treatments, responses to those treatments, and frequency and intensity of her symptoms (Tr. at 91-101), and his decision acknowledged plaintiff's complaints regarding the side effects of her medication, dizziness, fatigue, loss of sensation in her hands, and headaches. (Tr. at 72-76.)

The ALJ found that plaintiff's medically determinable impairments could reasonably be expected to cause the symptoms that plaintiff claims, but found that plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." (Tr. at 75.) "Consistency between a claimant's symptom complaints and the other evidence in the record tends to support the credibility of the claimant, while inconsistency, although not necessarily defeating, should have the opposite effect." *Rogers*, 486 F.3d at 248. In addition to plaintiff's testimony, the ALJ considered the medical evidence in the record, and the evidence that plaintiff was able to care for herself and her two children (except for bad days when her mother assisted in child care), performed certain household chores, had a normal gait and walked without an assistive device, walked to relieve back pain, had normal strength and muscle tone and could perform fine coordination maneuvers, and was stable neurologically and had not had a relapse of her MS since 2008. (Tr. at 72-76.)

9

With respect to plaintiff's alleged missed doses of her MS medication, plaintiff contends that the ALJ violated the requirements of SSR 96-7p because he did not inquire regarding the reason for the missed doses. (Obj. at 614-15.) That regulation provides that the ALJ may not "draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, *or other information in the case record*, that may explain infrequent or irregular medical visits or failure to seek medical treatment." SSR 96-7P, 1996 WL 374186, at *7 (emphasis added). The medication non-compliance at issue is referenced in the ALJ's decision, indicating that plaintiff had been taking Rebif for her MS since 2008 and has been "fairly compliant" in taking her medication, but has been known to miss a few doses. (Tr. at 74.) But a review of the record shows that the ALJ did not violate the regulation.

First, plaintiff did not fail or seek to pursue regular medical treatment. The record reflects that plaintiff frequently received medical treatment between July 2008 and August 2013. (*See* Exhibits 1F through 22F.) Indeed, plaintiff testified that she regularly saw Dr. Carrabine every 6 months, but recently she has been seeing him every three months. (Tr. at 94.) With respect to her medication, Dr. Carrabine's report on February 5, 2013, states that "'she is fairly compliant with her medication [and has] missed an occasional dose.' She's had a marked amount of stress recently due to taking care of her mother, who is sick with severe lung disease. Her mother is currently in the hospital. She notes more missed doses of Rebif while taking care of her mother and with the current stress." (Tr. at 490.) But prior to this, Dr. Carrabine reported that plaintiff was "diligent with her disease modifying therapy, Rebif." (Tr. at 338.) Plaintiff refers the Court

10

to pages 178[5] and 263[6] of the transcript to suggest that the reason plaintiff may have missed Rebif doses was because she lacked insurance or had no income, and the regulations required the ALJ seek an explanation for the missed doses. (Obj. at 615.) But the ALJ did not need to inquire about why plaintiff did not receive regular medical treatment because the medical records before him indicated that plaintiff did receive regular medical treatment. Moreover, the reason for plaintiff's occasional missed doses of Rebif was contained in the record before the ALJ, wherein the missed doses were attributed to taking care of her mother and her current stress. The regulation provides that the ALJ may consider "explanations that the individual may provide, *or other information in the case record*." To the extent that an occasional missed dose of Rebif even triggers the requirement for an inquiry under the facts and circumstances of this case, the explanation for those occasional missed doses was contained in the record before the ALJ. Thus, if the ALJ weighed plaintiff's occasional missed doses of Rebif in his credibility determination, he did so with an adequate explanation in the record before him, as permitted by the regulation.

It is for the ALJ, not the reviewing Court, to evaluate the plaintiff's credibility. There is substantial evidence in the record to support the ALJ's conclusion that plaintiff's subjective and rather extreme complaints concerning intensity, persistence, and the limiting effects of her

---

[5] Plaintiff reported that she had social security income, but does not receive any other type of income. (Tr. at 235.)

[6] On February 9, 2011, the Cleveland Clinic reported that "Ms. Lewis reports that she has been compliant with her Rebif, taking it three times weekly as prescribed. There was a lapse between approximately July-August 2010 due to an insurance issue. She tolerates Rebif fairly well without significant flu-like side effects." (Tr. at 320.)

symptoms were at odds with the record evidence taken as a whole, and thus not entirely credible.[7] Accordingly, plaintiff's second objection is overruled.

### 3. The RFC established by the ALJ is supported by substantial evidence

Plaintiff's third objection is that the magistrate judge incorrectly found that the RFC established by the ALJ was supported by substantial evidence. Specifically, plaintiff contends that the RFC does not include functional limitations that would account for dizziness, blurred vision, and fatigue.

An individual's RFC is her ability to perform sustained work-related physical and mental work activities in a work setting on a regular and continuing basis despite limitations from her impairments. 20 C.F.R. § 416.945(a); SSR 96-8p, 1996 WL 374184, at *1. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR 96-8p, 1996 WL 374184, at *1.

A claimant's RFC is not a medical opinion, but an administrative determination reserved to the Commissioner. *See* 20 C.F.R. § 416.946. Thus, the ALJ is responsible for assessing a claimant's RFC based on all of the relevant evidence, 20 C.F.R. § 416.945(a), and must consider all of a claimant's medically determinable impairments, both individually and in combination. *See* SSR 96-8p, 1996 WL 374184. While the RFC of a claimant is for the ALJ to determine, the claimant bears the burden of establishing the impairments that determine his RFC. *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

---

[7] Plaintiff testified regarding some of the symptoms of her multiple sclerosis: "I have days where it's so bad that the room is spinning. It's really awful trying to move around. Getting out of bed is a chore. I mean it makes me really sick to my stomach. Today isn't that bad and the floor is breathing. It's moving, like, it's alive. It's, like, a lava lamp. It's just moving and things vibrate." In response the ALJ's question regarding duration, plaintiff responded that they occur "[a]lmost all the time . . . they just vary in severity." (Tr. at 93.)

12

Plaintiff argues that the RFC[8] does not take into account plaintiff's symptoms of dizziness and nausea, or the limitations identified in Dr. Carrabine's opinions. However, the Court has concluded that the ALJ provided "good reasons" for giving Dr. Carrabine's opinions no weight, and that there was substantial evidence to support the ALJ's assessment of plaintiff's credibility regarding her symptoms.

Plaintiff also contends that the RFC failed to account for the objective medical evidence contained in Dr. Conway's opinion that a lesion on plaintiff's cerebellum was likely the cause of her dizziness and referred plaintiff to vestibular rehabilitation for treatment. (Tr. at 322.) But the ALJ considered Dr. Conway's report and also specifically acknowledged that plaintiff had mild obstructive sleep apnea. (Tr. at 74-75.) Indeed, the ALJ concluded that claimant's medically determinable impairments could reasonably be expected to cause these symptomsand, as discussed above, determined that plaintiff's complaints regarding the intensity, persistence, and limiting effects of these symptoms were not credible. (Tr. at 74-75.) *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003) (the ALJ may consider the credibility of the claimant and make his own assessment of subjective complaints of symptoms).

Thus, for reasons already discussed, the Court finds that there is substantial evidence in the record to support the ALJ's RFC determination. Plaintiff's third objection is overruled.

---

[8] The ALJ found that plaintiff had the residual functional capacity to perform sedentary work, except no climbing of ladders, ropes, or scaffolds; occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching and crawling; no exposure to hazards (heights, machinery, commercial driving); and mental limitations that she perform from simple to multi-step tasks in a low stress environment (no fast pace, strict quotas or frequent duty change). (Tr. at 73-74.)

13

### III. CONCLUSION

For all of the foregoing reasons, plaintiff's objections are overruled. The Court accepts the magistrate judge's report and recommendation, and the Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

Dated: March 23, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**